1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

11 | MARK G. GEFROM,                          Case No.:  15cv2079 JM(BGS)
12 |                             Plaintiff,
                                              **ORDER GRANTING DEFENDANT'S**
13 | v.                                       **MOTION TO COMPEL**
                                              **ARBITRATION AND STAY ALL**
14 | PACIFIC BELL TELEPHONE                   **PROCEEDINGS**
15 | COMPANY, a California corporation,
     doing business as AT&T
16 | COMMUNICATIONS OF
     CALIFORNIA, INC.; and DOES 1
17 | through 50, inclusive,
18 |                            Defendants.
19

20

21        This order addresses Defendant's motion to compel arbitration and stay all

22 proceedings, filed on January 12, 2016.  (Doc. No. 15).  Plaintiff filed a notice of non-

23 opposition on February 22, 2016.  (Doc. No. 18).  The motion was found suitable for

24 resolution without oral argument pursuant to Local Civil Rule 7.1.d.1.  For the reasons set

25 forth below, Defendant's motion is granted.

26 ///

27 ///

28 ///

**BACKGROUND**

On September 17, 2015, Plaintiff Mark G. Gefrom initiated this action against Defendant Pacific Bell Telephone Company, alleging a violation of the Family & Medical Leave Act, and wrongful termination in violation of public policy.

On November 13, 2015, Defendant filed a motion to strike. (Doc. No. 7). On January 12, 2016, Defendant filed the instant motion to compel arbitration and stay all proceedings. (Doc. No. 15). On January 22, 2015, the court continued the hearing date for Defendant's motion to strike to a future date to be set after the resolution of the instant motion to compel arbitration. (Doc. No. 14).

**DISCUSSION**

The Federal Arbitration Act ("FAA") was enacted by Congress for the purpose of "revers[ing] the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). To that end, arbitration provisions falling within the FAA's purview are generally deemed "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Act embodies a "liberal federal policy favoring arbitration agreements," AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011), and is to be "rigorously enforce[d]," Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985). Accordingly, "[u]nder the FAA, the role of the district court is to determine if a valid arbitration agreement exists, and if so, whether the agreement encompasses the dispute at issue." Davis v. Nordstrom, Inc., 755 F.3d 1089, 1092 (9th Cir. 2014) (citing Kilgore v. KeyBank, N.A., 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc)).

In its motion, Defendant states that there exists a valid arbitration agreement – the AT&T's Management Arbitration Agreement (the "MAA") – entered into by both Plaintiff and Defendant. Specifically, Defendant contends that (1) the MAA is an enforceable contract; (2) the MAA is not unconscionable; and (3) Plaintiff's claims are within the scope of the MAA.

///

Based on Defendant's arguments, and in light of Plaintiff's non-opposition, the court grants Defendant's motion to compel arbitration, and stays this case pending arbitration of the matters at issue.

**IT IS SO ORDERED.**

DATED:  March 30, 2016

JEFFREY T. MILLER
United States District Judge

15cv2079 JM(BGS)